**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION**

| | | |
|---|---|---|
| **JOEL E. LENAMON,** | § | |
| | § | |
| | § | |
| **Appellant,** | § | |
| | § | |
| **v.** | § | **Civil Action No. 4:17-cv-00958-O** |
| | § | |
| **MORRIS FAMILY TRUST** | § | |
| **PARTNERSHIP,** | § | |
| | § | |
| **Appellee.** | § | |

## MEMORANDUM OPINION AND ORDER

Before the Court are Appellant Joel E. Lenamon's (the "Appellant")[1] Brief (ECF No. 11),

filed May 3, 2018; Appellee Morris Family Trust Partnership's (the "Appellee") Brief (ECF No.

15), filed June 15, 2018; and Appellant's Reply (ECF No. 16), filed June 28, 2018. This action is

an appeal from of an order of the United States Bankruptcy Court for the Northern District of

Texas, Fort Worth Division. After considering the motion, briefing, the record on appeal, and

relevant law, the Court **DENIES** the appeal and holds that the bankruptcy court's order should be

and is hereby **AFFIRMED**.

## I.    JURISDICTION

This appeal arises from the bankruptcy court's November 17, 2017 Order on Judgment on

Remand. The bankruptcy court found that Appellee was entitled to out-of-pocket damages and

these damages were nondischargeable in bankruptcy. The bankruptcy court awarded damages in

---

[1] Joel Lenamon passed away soon after filing this appeal as a pro se litigant. *See* Notice of Death, ECF No.
5. The Probate Estate of Joel Lenamon was substituted as the appropriate party. *See* April 4, 2018 Order,
ECF No. 9 (granting motion to substitute party). The Court will refer to Appellant as Lenamon or Appellant
throughout this Order.

the amount of $333,807.31. Appellant Reply (J. Remand) [hereinafter "J. Remand"], ECF No. 16-4. This Court exercises jurisdiction pursuant to 28 U.S.C. § 158(a).

## II.     UNDERLYING PROCEEDINGS

Appellant filed a Chapter 7 bankruptcy proceeding on September 18, 2013. On December 23, 2013, Appellee initiated an adversary proceeding against Appellant, alleging that Appellant tricked it into investing in a real estate partnership that eventually failed. Appellee claimed damages equal to its investment. On June 26, 2015, the bankruptcy court found that Appellant defrauded Appellee and awarded Appellee $333,807.31—the amount of the original investment.

Appellant appealed that decision to the district court on July 29, 2015, alleging two grounds for appeal: (1) the legal standard used to calculate damages was inappropriate; and (2) the evidence to prove damages was insufficient. On March 1, 2016, the district court vacated and remanded the case back to the bankruptcy court, stating that while the evidence supported the finding of fraud, it could not review the damage award because the bankruptcy court did not specify the theory it used to calculate damages under state law. Mar. 1, 2016 Order 1, *Lenamon v. Morris Family P'ship*, No. 4:15-cv-00570-Y, (N.D. Tex. Mar. 1, 2016), ECF No. 13.

On March 25, 2016, Appellant appealed the district court's order to the Fifth Circuit, arguing the district court's order allowed the bankruptcy court conduct an additional evidentiary hearing and open the case to new evidence. The Fifth Circuit dismissed the appeal, finding it did not have jurisdiction because the district court's order was interlocutory, requiring further proceedings in the bankruptcy court. On May 18, 2017, the bankruptcy court conducted an additional hearing where neither party offered new evidence. The bankruptcy court stated that it did not have the liberty to revisit the issue of whether Appellee was damaged, rather its only job was to "articulate the theory of damages and the calculation of those damages." Appellant Reply

(H'rg Remand) [hereinafter "H'rg Remand"] 9, ECF No. 16-5. The bankruptcy court issued its order on November 17, 2017, finding that Appellee was entitled to damages based on an out-of-pocket damage theory and that these damages were nondischargeable under § 523(a)(6). The bankruptcy court did not revisit the amount of damages. On November 30, 2017, Appellant filed a *pro se* notice of appeal. Appellant passed away soon after. Because of his passing, Appellant's probate estate was substituted as Appellant on April 4, 2018.[2] Appellant brings this appeal, challenging the November 17, 2017 judgment on remand from the bankruptcy court.

## III.    ISSUES ON APPEAL

The two issues Appellant presents on appeal are:

1. Did the bankruptcy court err in finding 11 U.S.C. § 523(a)(6) constituted an additional cause of action?

2. Did the bankruptcy court err in finding that the record supported a $333,807.31 damage award against Appellant on an out-of-pocket damages theory?

Appellant's Br. 9, ECF No. 11.

## IV.    STANDARD OF REVIEW

When a district court reviews a bankruptcy court's decision, it functions as an appellate court and utilizes the same standard of review generally applied by a federal court of appeals. *In re Webb*, 954 F.2d 1102, 1104 (5th Cir. 1992). In reviewing conclusions of law on appeal, a *de novo* standard of review is applied. *In re Young*, 995 F.2d 547, 548 (5th Cir. 1993); *In re Allison*, 960 F.2d 481, 483 (5th Cir. 1992). A bankruptcy court's findings of fact are subject to the clearly erroneous standard of review. *Young*, 995 F.2d at 548; *Allison*, 960 F.2d at 483. These findings are

---

[2] For convenience, the Court refers to both Lenamon and Lenamon's probate estate as "Appellant" in this Order.

reversed only if, based on the entire body of evidence, the court is left "with the definite and firm conviction that a mistake has been made." *Id.*

## V.    ANALYSIS

Before the Court addresses the issues on appeal, it must address whether Appellant waived its right to appeal by filing an improper Notice of Appeal. Appellee claims that Appellant waived the issues on appeal because it failed to designate them in his notice of appeal. Appellee Br. 5, ECF No. 15. Appellant responds that it was initially operating *pro se* when Mr. Lenamon filed the notice of appeal and then he passed away days after, and now requests permission to file a belated Statement of Issues on Appeal under Federal Rule of Civil Procedure 6(b)(1), which allows for extension of time due to excusable neglect. Appellant Br. 2, 3, ECF No. 16; Mot. Supplement Rec., ECF No. 17. After Appellant passed away, *see* Notice of Death, ECF No. 5, the Court substituted Appellant's probate estate as a party on April 4, 2018, at which time the record had already been transmitted to the district court. *See* April 4, 2018 Order, ECF No. 9. The Court finds that this constitutes excusable neglect under Rule 6(b)(1). Therefore, the motion to supplement the record is **GRANTED** and the Court now considers the two questions on appeal.

### A.    Damages from Willful Misconduct under 11 U.S.C. § 523

Appellant argues that the bankruptcy court incorrectly calculated fraud damages under the state law out-of-pocket damage theory and also erroneously found damages against it under willful misconduct based upon a nondischargeability provision in 11 U.S.C. § 523. Appellant Br. 10, ECF No. 11. In its brief, Appellant argues that Appellee neither pled nor argued this issue, did not prove it at trial, and that the bankruptcy court simply created a new and independent federal tort. *Id.* Appellee responds that its live pleading at trial included an argument that the debt should not be discharged under 11 U.S.C. § 523(a)(6). Appellee Br. 5, ECF No. 15.

First, it is clear that Appellee's live pleadings presented a claim for nondischargeability under § 523(a)(6) for willful and malicious conduct. Compl. 1, *Lenamon v. Morris*, No. 13-04140-rfn (N.D. Tex. Bankr. Dec. 23, 2013), ECF No. 1. The resolution of this issue appeared in the bankruptcy court's oral and written judgments on June 8, 2015 and June 26, 2015. *See* Tr. J. at 3, *Lenamon v. Morris*, No. 13-04140-rfn (N.D. Tex. Bankr. May 19, 2015), ECF No. 74; June 26, 2015 J. 3, *Lenamon v. Morris*, No. 13-04140-rfn (N.D. Tex. Bankr. June 26, 2015), ECF No. 75.

Second, in his findings, the bankruptcy judge considered the amount of damages nondischargeable under § 523(a)(6). The bankruptcy judge asked if "willful and malicious injury under § 523(a)(6) is a standalone cause of action or whether it is just a provision that depends upon the existence of an independent cause of action and that merely provides the elements for nondischargeability of the damages that arise from that independent cause of action." Appellant Reply, Ex. 4 (Oral J.) 8, ECF No. 16-4. In the Fifth Circuit's decision in *Williams v. Int'l Brotherhood of Elec. Workers*, it found that a claim for nondischargeability under § 523(a)(6) constituted a narrower category of tortious conduct than intentional torts. 337 F.3d 504, 509 (5th Cir. 2003). In order to find a debt nondischargeable under § 523(a)(6), there must be a finding of "an intentional or substantially certain injury." *Id.*

The bankruptcy court engaged in this examination to determine the amount of damages that are nondischargeable in bankruptcy. It utilized the Fifth Circuit's measurement of damages in *In re Modicue*, which held that the calculation for nondischargeable damages under § 523(a)(6) as the value of the property that is lost. 926 F.2d 452, 455 (5th Cir. 1991). The bankruptcy court concluded that "Defendant violated both § 523(a)(2) and § 523(a)(6). The Plaintiff was damaged in the amount of at least $333,807.31. And that amount is nondischargeable." Appellant Reply, Ex. 4 (Oral J.) 11, ECF No. 16-4.

Rather than going beyond the scope of the Order to Remand, the bankruptcy court articulated the theory used to calculate damages. It then proceeded to determine what amount of those damages were nondischargeable under § 523(a)(6). The bankruptcy court did not add an additional injury finding as Appellant claims here. Instead, in light of Fifth Circuit precedent, and the order of remand, the bankruptcy court clarified the standards it used to determine damages and identify the amount that is nondischargeable under § 523(a)(6). *See* Tr. J. 5–6, *Lenamon v. Morris*, No. 13-04140-rfn (N.D. Tex. Bankr. Oct. 5, 2017), ECF No. 130; *see also Williams*, 337 F.3d at 510. This clarification was not error and did not change the damages amount against the Appellant. Appellant's objection to this issue is **DENIED** and the bankruptcy court is **AFFIRMED.**

### B. Support for the Finding of Damages

Appellant also argues that the bankruptcy court incorrectly found that the record supported the amount of damages under the out-of-pocket theory. Appellant Br. 11, ECF No. 11. Appellee responds that the bankruptcy court adequately supported its reasoning and findings. Appellee Br. 6, ECF No. 15.

First, on a previous appeal, the district court found that "the bankruptcy court had a sufficient evidentiary basis for its factual findings regarding fraud." *Lenamon v. Morris Family P'ship*, No. 4:15-cv-570-Y, 1, ECF No. 13. This Court does not revisit that decision. *Lyons v Fisher*, 888 F.2d 1071, 1074 (5th Cir. 1989) (the "law of the case" doctrine provides that "a decision of a factual or legal issue by an appellate court establishes the 'law of the case' and must be followed in all subsequent proceedings.").

The bankruptcy court found that the out-of-pocket damage theory was the appropriate measure of damages. J. Remand, 3, ECF No. 16-4. This is a state law theory of damages, articulated in *Formosa Plastics Corp., USA v. Kajima Int'l, Inc.* 216 S.W.3d 436, 458 (Tex. App.—Corpus

Christi 2006). "Out-of-pocket damages compensate a defrauded party for the difference between the value of that with which he or she has parted and the value actually received." *Id.* The bankruptcy court found that Appellee parted with at least $333,807.31, and in its judgment the bankruptcy court found that Appellee received nothing in return. J. Remand, 6, ECF No. 16-4. Appellant objects that Appellee did not prove the value of the consideration it received, and therefore, the out-of-pocket theory of damages does not support the damage award. Appellant Br. 12, ECF No. 11.

While Appellant relies on *Arthur Anderson*, the court in *Formosa* explained that *Arthur Anderson* applied only to the purchase and sale of a business rather than to fraud damages. *See Formosa*, 216 S.W.3d at 458 (citing *Arthur Anderson & Co. v. Perry Equip. Corp.*, 945 S.W.2d 812, 817 (Tex. 2005)). The only question for this Court to decide is whether the bankruptcy court committed error when it applied the out-of-pocket damages theory to this case. The bankruptcy court found that Appellant never intended to convey to Appellee any interest in the partnership, and therefore Appellee never received anything in exchange for its contribution. J. Remand 5, ECF No. 16-4. The difference between the value of that with which Appellee parted, and the value actually received, was the full contribution—$333,807.31. Accordingly, Appellant's second objection is **DENIED** and the bankruptcy court's judgment is **AFFIRMED**.

## VI.   CONCLUSION

For the foregoing reasons, the appeal is **DENIED** and the bankruptcy court's oral ruling and final judgment are hereby **AFFIRMED.**

SO ORDERED on this **15th day** of **August, 2018.**

_____
Reed O'Connor
**UNITED STATES DISTRICT JUDGE**